## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER ERIC FITE LLC,<br><br>   *Plaintiff,*<br><br> v.<br><br>INTERNAL REVENUE SERVICE<br>CRIMINAL INVESTIGATION DIVISION,<br><br>   *Defendant – Third Party*<br>   *Plaintiff*<br><br>BOARD OF MANAGERS OF THE SAVOY<br>WEST CONDOMINIUM,<br><br>   *Third Party Defendant* | Civil Action No. 16-cv-728 (RDM) |

## <u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

Plaintiff Christopher Eric Fite LLC, filed this case on April 18, 2016.  Dkt. 1.  The complaint is closely related to that filed in *Theus v. IRS*, No. 15-cv-1522 (ABJ), 2015 WL 6674247 (D.D.C. Oct. 30, 2015).  Judge Jackson *sua sponte* dismissed that case for lack of subject-matter jurisdiction and also found that the complaint failed to comply with Federal Rule of Civil Procedure 8(a).  *Id.*

The Court exercises its discretion to dismiss this complaint *sua sponte* under Rule 8(a), which requires that a complaint include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought," *see* Fed. R. Civ. P. 8(a); *see also Hamrick v. United States*, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (discussing *sua sponte* dismissal under Rule 8(a)), as well as under Rule 12(b)(6), which permits

a court to dismiss an action *sua sponte* if "it is patently obvious that the plaintiff cannot possibly prevail based on the facts alleged in the complaint," *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2012) (internal quotation marks omitted).

To comply with Rule 8(a) and "to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). It "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570) (citation omitted).

Here, the Court has carefully reviewed Plaintiff's complaint, but it cannot discern the factual basis or legal theories upon which it relies. The case appears to involve a foreclosure action in New York state court and the allegedly unlawful imposition of a lien. *See* Dkt. 1 at 3–4, 33. Plaintiff names the Internal Revenue Service as a "third-party plaintiff" and the board of a New York condominium association as a "third-party defendant." The complaint also appears to seek an order directing the nation's three major credit-rating agencies—Transunion, Equifax, and Experian—to "readjust" certain credit ratings "to the appropriate credit range prior to foreclosure proceedings," *id.* at 5, although they are not named as parties. In addition, there are various references to actions by the United States Attorney, *see id.* at 4–5, a "default judgment" Plaintiff would like the Court to order, *see id.*, and an injunction under the Uniform Commercial Code, *see id.* at 5–6, and although the complaint has a section entitled "Jurisdiction," *see id.* at 2, it fails to include any allegations that might be reasonably construed to confer jurisdiction on this Court.

It is unclear whether Plaintiff is proceeding *pro se*.  The complaint is signed both Christopher Eric Fite and Robert Darryl Reeves, both of whom purport to be "authorized representative[s]."  Dkt. 1 at 6.  The Court will assume for present purposes that it is a *pro se* complaint, in which case Plaintiff's "pleadings are entitled to a liberal reading[,] but . . . still must comply with the Rules of Procedure."  *Hamrick v. United Nations*, No. 07-1616, 2007 WL 3054817, at *1 n.1 (D.D.C. Oct. 19, 2007).  Even measured against this standard, however, the complaint fails to comply with the requirements of Rules 8(a) and 12(b)(6).  The Court cannot discern the grounds for its jurisdiction of the claim Plaintiff seeks to assert, or the basis for awarding relief.

Plaintiff may refile an amended complaint that cures the deficiencies identified above on or before June 10, 2016.  The Court cautions, however, that "an amended complaint that merely recycles the Complaint presently before the Court . . . may be dismissed with prejudice." *Hamrick*, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (citation and quotation marks omitted).

It is hereby **ORDERED** that the complaint is **DISMISSED** without prejudice.


/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 10, 2016